### WILLIAM G. MERRILL *vs.* EDWARD NARY.

If the judge in the trial of a civil case, at the request of the jury, and without the knowl-edge of the parties, allows them to have a copy of the General Statutes in the jury room while deliberating on their verdict, their verdict will be set aside.

WRIT OF ENTRY. At the trial in the superior court, before *Rockwell*, J., a verdict was rendered for the tenant. The demandant moved that this verdict be set aside. It appeared that " by consent of the judge the volume of the General Statutes was handed to the officer in charge of the jury, to be taken to their room, he having brought to the court a request from the jury to have it;" and the motion was overruled. The demandant appealed to this court. It was conceded, at the argument, that the sending of the volume to the jury was unknown to the demandant or his counsel.

*J. E. Field*, for the demandant.

*H. W. Bishop & B. Palmer*, for the tenant.

BIGELOW, C. J. Upon deliberate consideration, we are constrained to say that we cannot give our sanction to the action of the court below in allowing, without the consent of the parties to the cause, the volume of the General Statutes to be sent to the jury after they had retired to consider of their verdict. This was not only irregular and contrary to the uniform practice in our courts, but it tended directly to confound the proper provinces of the court and jury, which ought, in the trial of civil cases, to be kept carefully distinct, and it also practically deprived the parties of the right of knowing the principles of law on which the jury acted in the rendition of their verdict.

No one doubts that, on the civil side of the court, the jury are bound to follow the instructions of the court in matters of law. This is the only legitimate mode in which they can receive the information necessary to enable them to apply the facts before them to the rules by which they are to be guided and governed in the performance of their duty. They cannot properly seek knowledge or advice on matters of law involved in an issue from any other source. Nor can they act on their own preconceived opinions. They are bound to follow with scrupulous

fidelity the instructions of the court. A strict adherence to and observance of this principle is essential, not only on grounds of public policy, in order that there may be a uniform, consistent and stable interpretation and application of the rules of law, but also that it may be made certain that the rights and duties of litigant parties are protected and enforced in courts of justice. These important ends cannot be surely attained, unless the advice and direction of the court on all questions of law arising in the course of a trial by jury are given in open court, and suitable precautions are taken in order to prevent the minds of jurors from being instructed or influenced by information or knowledge derived from other sources. If this course is not taken and strictly adhered to, there would be no safety in the ordinary presumption that the instructions of the court are fully understood and properly applied by the jury. On the contrary, it would be quite as reasonable to suppose that they acted on views and opinions derived from other sources concerning matters of law involved in an issue submitted to them, as that they followed those which they received in the instructions of the court. The practical result would be, that, although the law might be laid down with precision and accuracy by the court, there could be no certainty that the rules prescribed would be acted on by the jury, and parties would be deprived of the right to know the principles on which their cases had been determined, and the privilege of obtaining a revision of them, if they were erroneous or mistakenly applied. The only regular and safe mode of conducting trials is, for the court to instruct the jury on all material points before they retire to deliberate upon their verdict, and, if they have occasion for further information, they should return into court and state the questions on which they wish for further advice, and receive in open court such directions as may seem to the judge material and necessary. This was the course adopted by Lord Tenterden, in *Burrows* v. *Unwin*, 3 C. & P. 310. In that case, after the jury had retired they sent a message to the court, requesting that Selwyn's Nisi Prius might be sent to them. The counsel for both parties consented that the book should be sent to the jury. But the court

refused the request, and further instructions were given in open court.

Every one familiar with the practice of the law and the administration of justice in our courts knows that cases not unfrequently turn on nice distinctions, and that the most simple and common rules of law are difficult of application, and that it often requires careful study, nice discrimination and a well instructed mind to perceive the distinctions on which the decision of cases depends. Certainly they cannot be apprehended in the brief time allotted to the deliberations of the jury room. Indeed, we know of no method that could be·adopted'which would more effectually tend to confuse the minds of jurors and to mislead them in the proper discharge of their duty, than to permit them to read or refer to law books during their consultations for the purpose of ascertaining the rules of law which were applicable to the cases which are submitted for their determination. Nor are we able to see that there would be any difference in this respect whether the books which they were allowed to read were treatises, or books of reports, or volumes of statutes. The latter are often quite as difficult to interpret and apply as are the rules and principles contained in the former.

In the case before us, the provisions of the statutes on which the rights of the parties depended are by no means clear or easy of application. They have already been before us for construction on questions which arose between these same parties; *Nary* v. *Merrill,* 8 Allen, 451; and it is apparent that in their application to the facts in controversy their exposition was not free from difficulty, or such that jurors would be likely to arrive at it correctly by a reference to the statutes themselves. We cannot know that, after reading these in their room, they followed the instructions which the court had given them as to the true interpretation and application of the provisions in question. On the contrary, from the fact that they sent for the volume, the inference is rather that they did not intend to follow these instructions, or that they had forgotten them and sought to act on such aid as they might obtain from reading the clauses on which the decision of the case turned.

On the ground that there is reason to believe that the verdict may have been founded on erroneous views of the law, and that the action of the court, if sanctioned by us, would be a bad precedent, we are of opinion that there must be a new trial.

*Exceptions sustained.*